<u>**Not for Publication**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| COSCO SHIPPING LINES (NORTH AMERICA) INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HUATAI USA LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-cv-20012 <br><br> <u>**OPINION**</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court on Plaintiff Cosco Shipping Lines (North America) Inc.'s ("Cosco") unopposed motion for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b).  D.E. 37.  The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons that follow, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

I.     **FACTS AND PROCEDURAL HISTORY**

Briefly, Cosco alleges that pursuant to a contract between the parties, goods belonging to Defendants were delivered to their destination by Plaintiff.[1]  Defendants are Huatai USA LLC ("Huatai"); Paper Sales USA Inc. ("Paper Sales"); and Recycling Papers Partners of Pennsylvania, LLC d/b/a Recycling Papers Partners of PA, LLC ("Recycling Papers").  Am. Compl. ¶¶ 2-4.

---

[1] The facts of this matter derive from the Amended Complaint, D.E. 24, as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

Plaintiff alleges that pursuant to a contract, Paper Sales and Recycling Papers are affiliates of Huatai and that all Defendants have "bound themselves as liable to the plaintiff" via the contracts at issue. *Id.* at 2-3. As to the contract, Plaintiff alleges that it assumed common carrier responsibility to load and transport certain goods via ocean freight to the final destination as set forth in bills of lading. *Id.* at 3. Plaintiff further alleges that in the bills of lading, Defendants agreed to pay all "freight, drayage, loading and other charges incident to the transportation." *Id.* at 4. Plaintiff contends that it transported Defendants' goods but Defendants did not pay the costs of carriage and other related costs. *Id.* at 4-5.

On November 8, 2019, Cosco filed its initial Complaint in this matter seeking the unpaid shipping costs from Defendants. D.E. 1. Defendants filed a motion to dismiss on December 23, 2019. D.E. 9. But on August 31, 2020, the Court entered a stipulation between the parties, through which Defendants withdrew their motion to dismiss and Plaintiff was granted leave to file an amended complaint. D.E. 23. Plaintiff filed its Amended Complaint on September 1, 2020, D.E. 24, and Defendants subsequently filed an Answer, D.E. 25.

Defendants' attorney then filed a motion to withdraw as counsel on March 15, 2021. D.E. 33. In support of the motion, Defendants' attorney declared, in part, that "Defendants have informed that they do not intend to hire substitute counsel or undertake to defend the case going forward, and have authorized me to advise the Court of the same." D.E. 33-2. On March 25, Judge Clark granted the motion to withdraw. In his Order, Judge Clark stated that Plaintiff shall request that the Clerk enter default against Defendants and that Plaintiff could move for default judgment against Defendants within thirty days of entry of default. D.E. 35. Plaintiff filed a letter requesting that default be entered against all Defendants the following day due to their failure to defend in the matter. D.E. 36. The Clerk of the Court subsequently entered default as to

Defendants, and on May 26, 2021, Plaintiff filed the instant motion for default judgment.  D.E. 37.
Through the motion, Plaintiff seeks a judgment for $471,533.40 in damages, which includes
attorneys' fees, and $688.20 in costs against Defendants.  *Id.*

## II.    STANDARD OF REVIEW

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend
claims asserted against it.  Fed. R. Civ. P. 55.  The "or otherwise defend" clause allows a court to
enter default judgment "because a party has failed to comply with a court's orders, file a pretrial
memorandum or respond to discovery requests" and when a party "fail[s] to appear at a conference
after filing an answer."  *Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL
143689, at *2 (D.N.J. Jan. 12, 2010) (internal citations omitted).

"The entry of a default judgment is largely a matter of judicial discretion."  *Chanel, Inc. v.
Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  This discretion, however, "'is not without
limits," as the Third Circuit has repeatedly explained that cases should be decided on the merits
when practicable.  *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).
Accordingly, a court must determine the appropriateness of default judgment by weighing (1) the
prejudice suffered by the party seeking default judgment; (2) whether the party subject to the
default has a meritorious defense; and (3) the culpability of the party subject to default.  *Jeweled
Cross Co.*, 2010 WL 143689, at *2.[2]

---

[2] When determining whether to grant a motion for default judgment for failure to answer, the Court
must usually determine whether (1) it has personal and subject matter jurisdiction; (2) the
defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4)
the plaintiff has proven damages.  *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015
WL 4508413, at *1 (D.N.J. July 24, 2015).  Because Defendants filed an answer in this matter,
this additional analysis is not necessary.  *See Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-
1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (setting forth the default judgment analysis
when default is entered due to a defendant's failure to otherwise defend after filing answer).  The

### III.    ANALYSIS

#### A.  Default Judgment Factors

In this instance, all three factors weigh in favor of entering default judgment.  As for the first factor, through their counsel at the time, Defendants expressly informed the Court that they did not intend to defend the case going forward.  D.E. 33-2.  Moreover, Defendants are no longer represented by counsel, and as corporate entities, cannot proceed without representation.  *See Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84-85 (3d Cir. 2013).  Thus, Plaintiff is prejudiced because it cannot move forward with this matter.  In addition, no Defendant responded to the motion for default judgment.

Turning to the second factor, a defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  To establish a meritorious defense, a defendant must provide "specific facts beyond simple denials or conclusionary statements."  *Id.*  Defendants' Answer amounts to conclusory denials and fails to provide any specific facts that would establish a compete defense.  Moreover, Defendants have not provided any other information to suggest that a complete defense exists here.  Because it does not appear that Defendants have a meritorious defense, this factor also weighs in favor of granting Plaintiff's motion.

The third factor also weighs towards granting the motion for default judgment.  As discussed, Defendants explicitly advised their former attorney that they no longer intended to defend themselves in this matter.  Consequently, the Court concludes that Defendants are culpable

---

Court also independently reviewed the pleadings and ensured that it had subject-matter jurisdiction.

4

for the current state of this litigation.   Consequently, the Court finds that all three factors demonstrate that default judgment is warranted in this instance.

### B.  Damages

While the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment.  *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

Here, Plaintiff seeks $362,718 in damages due to Defendants' alleged breach of contract. Plaintiff provides copies of the invoices, which support its request for damages.  *See* Cert. of Amount Due, Exs. A, B; *see also* Am. Compl, Ex. B.  Thus, Plaintiff sufficiently establishes the damages it incurred due to Defendants' breach of contract.

Plaintiff also seeks $108,815.40 in attorneys' fees and $688.20 in costs.  *See* Cert. of Legal Fees, ¶ 2; Cert. as to Costs, ¶¶ 2-4.  Plaintiff explains that it is contractually entitled to attorneys' fees and costs, and provides the Court with a copy of "the pertinent portions" of the contract that allegedly establish its right to such an award.  Cert. of Legal Fees, ¶ 3.  When considering attorneys' fees and costs, New Jersey usually follows the "'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party."  *In re Estate of Vayda*, 875 A.2d 925, 928 (N.J. 2005) (quoting *In re Niles*, 823 A.2d 1, 7 (N.J. 2003)).  Although New Jersey law generally disfavors fee-shifting, "a prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract."  *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001).

In this instance, the contract states that Plaintiff is entitled to reasonable attorneys' fees and costs incurred in collecting sums due to Plaintiff.  Cert. of Amount Due, Ex. C, ¶ 13(6).  But Plaintiff does not include a signature page to the contract, and the pertinent portions do not make any reference to Defendants.  Therefore, Plaintiff fails to adequately demonstrate that it is contractually entitled to receive its requested attorneys' fees or costs from Defendants.  Plaintiff's motion is denied on these grounds without prejudice.  The Court, however, will provide Plaintiff with fourteen (14) days to provide additional support for its requested attorneys' fees.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 37) is **GRANTED in part** and **DENIED in part**.  Plaintiff's motion is **DENIED** without prejudice as to its requests for fees and costs in this matter.  Plaintiff may file additional documents to support its request within fourteen days of the entry of this Opinion and Order.  If Plaintiff fails to provide additional documentation, its request for fees and costs will be denied with prejudice.  Plaintiff's motion is otherwise **GRANTED**.   An appropriate Order accompanies this Opinion.

Dated:        July 23, 2021

_____
John Michael Vazquez, U.S.D.J.

6